UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES FERNANDEZ ABADIA,

    Plaintiff,

v.                                               Case No. 8:19-cv-2106-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

Before the Court is the *Plaintiff's Petition for Attorney's Fees* pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 30). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in August 2019, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In March 2021, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 28). The Clerk of Court entered Judgment for the Plaintiff that same day. (Doc. 29). The instant motion for attorney's

fees, filed on June 28, 2021, and unopposed by the Commissioner, followed. (Doc. 30).

II.

Before addressing the substance of the Plaintiff's motion, the Court must dispose of a threshold procedural issue stemming from the recent revisions to the local rules. Effective February 1, 2021, Local Rule 7.01 now creates a bifurcated process for parties seeking the Court's approval of post-judgment attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party claiming attorney's fees or expenses must first timely move the Court for a determination of the party's entitlement to such compensation. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—file a supplemental motion that complies with the following requirements:

> (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
> (2) specifies the resolved and *unresolved* issues;
> (3) includes a memorandum of law on any *disputed* issue;
> (4) includes for any *disputed* rate or hour:
>     (A) the timekeeper's identity, experience, and qualification;
>     (B) specifies the resolved and *unresolved* issues;
>     (C) includes a memorandum of law on any *disputed* issue;
>     (D) the timekeeper's requested rate;
>     (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>     (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed

        for similar services by a lawyer of comparable skill, experience, and reputation; and
(5) includes for a *disputed* non-taxable expense:
        (A) a receipt for, or other evidence of, the expense and
        (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. R. 7.01(c) (emphasis added).

The above emphasized language suggests that, while Local Rule 7.01 mandates two separate motions be submitted before the Court can award attorney's fees and expenses, the second motion may be deemed unnecessary if the requested amount is not contested. *Id.* Indeed, a number of courts analyzing fee petitions under the Southern District of Florida's analogous local rule—i.e., S.D. Fla. R. 7.3—have dispensed with the bifurcated procedure where, as with the instant motion, a party's fee application is unopposed. *See, e.g.*, *Cruzado v. Saul*, 2021 WL 356157 (S.D. Fla. Jan. 14, 2021), *report and recommendation adopted*, *Cruzado-Rodrigues v. Saul*, 2021 WL 354186 (S.D. Fla. Feb. 2, 2021); *Forbes v. Berryhill*, 2021 WL 256364 (S.D. Fla. Jan. 26, 2021); *Lloyd v. James E. Albertelli, P.A.*, 2020 WL 7295767 (S.D. Fla. Dec. 10, 2020).

In light of this case law and given the circumstances presented, the Court will invoke its authority under Local Rule 1.01(b)—which permits the Court to suspend application of a local rule—and decline to enforce Local Rule 7.01's bifurcation requirement here. M.D. Fla. R. 1.01(b); *see also Tobinick v. Novella*, 884 F.3d 1110, 1120 (11th Cir. 2018) (finding that a district court did not abuse its discretion in

3

allowing a party to submit "an omnibus motion for fees without adhering to some of the procedural requirements under [the Southern District of Florida's] local rules").

With this threshold procedural matter resolved, the Court turns to the merits of the Plaintiff's fee motion. The EAJA authorizes a court to grant attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(d). To warrant an authorization of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file a fee application within thirty days of the final judgment; (2) the party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she filed the case; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, a grant of attorney's fees under the Act is appropriate in this action.

To determine the amount of fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in relevant part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As this statutory language indicates, the determination of the proper hourly fee rate involves a two-part analysis. First, the Court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate exceeds $125 per hour, the Court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this action is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for services performed during and after 2019 typically have sought hourly rates ranging from $175 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. The Court is not alone in this observation. *See, e.g., Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11,

2021); *Langer ex rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *Cruz-Fernandez v. Comm'r of Soc. Sec.*, 2020 WL 6585598 (M.D. Fla. Nov. 10, 2020). Accordingly, the Court finds it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit opinions using the CPI to determine hourly rate adjustments).[1] Given this case authority, the Court finds it reasonable to use the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited July 1, 2021).

Here, the Plaintiff seeks $4,917.19 in fees based upon a total of 24.1 hours expended on this action from 2019 to 2021 by her lawyer, Dax J. Lonetto, Sr. (Doc. 30 at 3, 21–22). The sought-after fees are predicated upon an hourly rate for Mr.

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Lonetto of $201.99 in 2019; $203.94 in 2020; and $208.74 in 2021. *Id*. at 3. In support of this request, the Plaintiff submits, *inter alia*, a copy of her fee agreement with Mr. Lonetto, an itemized schedule of the time Mr. Lonetto spent on the case during the above time frame, and an affidavit executed by Mr. Lonetto, in which he attests to the reasonableness of his fee amount based on his familiarity with the hourly rates charged in non-contingent fee actions in the Tampa Bay legal community. (*Id.* at 6–8, 15–17, 19, 21–22).

Upon due consideration of the matter, the Court finds that the total number of hours and the hourly rate claimed by counsel are reasonable and warranted. As a result, the Plaintiff is entitled to $4,917.19 in fees based upon a total of 24.1 hours devoted to this case.

### III.

In light of the above, it is hereby ORDERED:

1. The *Plaintiff's Petition for Attorney's Fees* (Doc. 30) is granted.
2. The Plaintiff is awarded fees in the amount of $4,917.19.
3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to Plaintiff's counsel.

DONE and ORDERED in Tampa, Florida this 2nd day of July 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record