UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES FERNANDEZ ABADIA,

    Plaintiff,

v.                                                                                          Case No. 8:19-cv-2106-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 34). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in August 2019 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In March 2021, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 28). The Clerk of Court entered

---

[1] Mr. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

Judgment for the Plaintiff the same day. (Doc. 29). Roughly three months later, the Plaintiff sought and obtained $4,917.19 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 30, 33).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 34 at 16). According to the letter authorizing this relief, the Social Security Administration withheld $15,288.75 of this past-due amount for a possible future award of attorney's fees. *Id.* at 17. This figure equates to twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $8,000 for the services her counsel rendered in this lawsuit. (Doc. 34 at 13). This sum does not conflict with the Plaintiff's fee agreement, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. *Id.* at 21–22. According to the Plaintiff, her lawyer is aware of his obligation to reduce the contingency fee by the amount of the previous EAJA award and has incorporated such an offset into the sought-after sum.[2] *Id.* at 12. The Commissioner does not object to the requested fee amount. *Id.*

---

[2] The Plaintiff's attorney also reduced his requested fee to account for the two motions he filed to extend the deadline for the filing of the Plaintiff's memorandum. (Doc. 34 at 13).

2

II.

Section 406(b) governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court conduct an independent review of a counsel's fee arrangement with his client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee amount be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer

3

may do so either by deducting an earlier EAJA award from a subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $8,000 is based upon 24.1 hours her counsel, Dax J. Lonetto, Sr., expended on this appeal. (Doc. 34 at 11, 24–25). This sum encompasses all the work Mr. Lonetto performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after figure equates to less than twenty-five percent of the total past-due benefits granted to the Plaintiff. *Id.* In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee amount is reasonable.

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 34) is granted, and the Plaintiff shall be awarded fees in the amount of $8,000 pursuant to 42 U.S.C. § 406(b).

2. In light of counsel's deduction of the previously granted EAJA fee amount from the overall fee award, the EAJA fee sum (totaling $4,917.19) shall be deemed refunded to the Plaintiff.

3. This action shall be closed and shall remain closed.

      SO ORDERED in Tampa, Florida, this 22nd day of May 2024.

                                      *Christopher P. Tuite*
                              HONORABLE CHRISTOPHER P. TUITE
                              United States Magistrate Judge

Copies to:
Counsel of record